448    APPELLATE COURTS OF ILLINOIS.

Schildmiller v. Cigarmakers' Int. U. of America, 200 Ill. App. 448.

## Louis Schildmiller, Appellee, v. Cigarmakers' International Union of America et al., Appellants.

### Gen. No. 6,198.   (Not to be reported in full.)

Appeal from the County Court of Rock Island county; the Hon.
NELS A. LARSON, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed August 10, 1916.

### Statement of the Case.

Action by Louis Schildmiller, plaintiff, against the Cigarmakers' International Union of America and Cigarmakers' International Union of America Local No. 201, defendants, to recover a death benefit. From a judgment for plaintiff, defendants appeal.

It appeared from the evidence that the father of the plaintiff, Henry Schildmiller, was at the time of his death in good standing as a member of the defendant Cigarmakers' International Union of America Local No. 201; that he had been such member for more than fifteen years prior to his death, which occurred on or about February 15, 1914; that under the constitution and by-laws of the organization named, it was provided that upon the death of such a member, a death benefit of $550 should be paid to any person designated in writing by such member; that if he failed to designate a person in writing, such death benefit should be paid to his widow; that if there was no widow, then to his minor children; that if there be no widow nor minor children, then to any relative of the deceased member who, at the time of his death, was dependent for support, in whole or in part, upon such deceased member.

It appeared that the deceased did not designate any one in writing as beneficiary; that he left no widow nor minor children, but did leave surviving him his son, the plaintiff, who claimed that he was partly dependent upon his father for support.

SECOND DISTRICT—AUGUST, 1916.          449

Schildmiller v. Cigarmakers' Int. U. of America, 200 Ill. App. 448.

The evidence showed that the local organization was a part of the national organization, and under its control; that the local organization collected for and had the custody of the benefit fund out of which death benefits were payable; that the national organization controlled the fund, of which the local organization had the custody; that the local organization was prohibited by the by-laws of the organization from paying death benefits, except by the direction of the national organization.

The deceased member was a widower, and lived with the plaintiff, who was his only son; and while living with his son, and for at least two years prior to his death, he earned $30 per month for nine months of the year, which he paid over to his son, who used it for the support of himself, his family and household, of which the deceased was a member. The earnings of his father was the only money, outside of his wages, which plaintiff had or could depend on for the support of himself and family. The plaintiff was earning at the rate of $50 per month, and the amount required for such support varied from about $87 to $93 per month. The father while living with the plaintiff received as a part of this family expense from the plaintiff, not only food and clothing, but small incidentals, such as tobacco.

JOHNSTON & RAILSBACK, for appellants.

BEN A. STEWART, for appellee; WOLF & LOVE, of counsel.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

Schildmiller v. Cigarmakers' Int. U. of America, 200 Ill. App. 448.

## Abstract of the Decision.

1. INSURANCE, § 861*—*when action properly brought against local and national organizations of mutual benefit association.* Where a local organization of a benefit association was part of and under the control of the national organization, the former collecting dues and having custody of the benefit fund which the latter controlled and whose authority was necessary to permit the local organization to pay benefits, *held* that a suit for a death benefit was properly brought against both organizations.

2. INSURANCE, § 816—*when person in part dependent.* Where a member of a benefit association lived with his son, to whom he gave his wages, and the son, from such wages and those earned by himself, supported his family and his father, *held* that the son was partly dependent on the father for support, and entitled to recover a death benefit payable to one in whole or in part dependent on a member for support.

3. INSURANCE, § 897*—*when dependency question of fact.* Whether one is dependent for support on a member of a benefit association, within the meaning of the certificate, is a question of fact to be determined from the facts and circumstances of each particular case.

4. INSURANCE, § 816*—*when person entitled to recover as dependent.* In order to entitle one to recover on a death benefit certificate as a dependent of a deceased member of a benefit association, it is not essential that there should have been any legal duty of the deceased member to support such dependent.

5. INSURANCE, § 816*—*when person entitled to recover as dependent.* In order to entitle one to recover as a dependent, a death benefit of a deceased member of a benefit association, it is only necessary that such dependency exist to a substantial extent.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.